1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10
11

EDUARDO MIL, JR.,

)  Case No.: 1:13-cv-01497-JLT

12

   Petitioner,

)
)  ORDER DENYING PETITIONER'S MOTION TO
)  STAY PROCEEDINGS (Doc. 2)

13

  v.

)
)

14

WARDEN P. D. BRAZELTON,

)  ORDER TO SHOW CAUSE WHY THE PETITION
)  SHOULD NOT BE DISMISSED BECAUSE IT

15

   Respondent.

)  CONTAINS NO EXHAUSTED CLAIMS
)

16

)  THIRTY DAY DEADLINE
)

17

18   Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas

19 corpus pursuant to 28 U.S.C. § 2254.

20            **PROCEDURAL HISTORY**

21   The instant petition was filed on September 16, 2013.  (Doc. 1).  The petition raises the

22 following claims: (1) actual innocence of first degree murder based on the confession and excited

23 utterances of a co-defendant; and (2) use of "deceptive and reprehensible methods" to obtain

24 conviction of Petitioner in violation of his due process rights. (Doc. 1).

25   Along with the petition, Petitioner filed the instant motion for stay of proceedings, alleging that

26 his claims are presently being exhausted in the California Court of Appeal, Fifth Appellate District, by

27 way of a petition for writ of habeas corpus filed on August 10, 2013.  (Doc. 2, p. 1).

28 ///

## DISCUSSION

A. <u>Exhaustion</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme Court.  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan</u>, 513 U.S. at 365 (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).

Here, a review of the petition indicates that, in Petitioner's direct appeal, he raised issues regarding instructional error on elements of the special circumstances allegation and various evidentiary rulings of the trial judge.  (Doc. 1, p. 2).  It also appears that Petitioner's instructional argument was successful in obtaining a partial reversal from the California Supreme Court on January 23, 2012.  (Doc. 1, p. 43).  The state high court reversed the Court of Appeal "to the extent it affirmed the jury's true findings on the special circumstances of murder in the commission of a robbery and burglary…and the sentence of life imprisonment without the possibility of parole…." (<u>Id</u>).  However, in all other respects, the conviction and sentence were affirmed.  (<u>Id</u>).

Nowhere in his petition does Petitioner allege that he raised the claims now contained in the instant habeas petition in his direct appeal.  Nor, indeed, does Petitioner state with particularity that the two claims now raised in the instant petition are in fact the same claims he is attempting to exhaust in the state habeas petition in the Fifth Appellate District.  However, assuming that this is the case, it appears at this juncture that neither of the two claims contained in the instant petition have ever been presented to the California Supreme Court.  If that is the case, then the petition contains only unexhausted claims, and this Court cannot entertain an entirely unexhausted petition.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997).

However, recognizing that Petitioner may possess additional information that he has not presented to the Court regarding his exhaustion efforts, the Court will afford Petitioner the opportunity to file a response to the Order to Show Cause within thirty days in order to provide any additional information regarding whether the claims now presented in the instant petition have been fully exhausted.  Unless Petitioner can establish that at least one of the two claims in the petition has previously been exhausted by presentation to the California Supreme Court, the petition must be dismissed.

    B.  Request For Stay of Proceedings.

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), cert. denied, 519 U.S. 1002 (1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions."  Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  However, in 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 544 U.S. at 275.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

Here, as discussed in the previous section, it appears that Petitioner has timely filed a federal habeas petition containing only *unexhausted* claims.  As mentioned, the Court lacks jurisdiction to address an entirely unexhausted petition.  Moreover, neither Kelly nor Rhines permits any exception to that rule.  Rather, Kelly governs a stay where all of the claims in the petition are exhausted and Rhines governs a stay where the petition is "mixed," i.e., contains both exhausted and unexhausted claims.  If this petition is entirely unexhausted, then neither Kelly nor Rhines is applicable and no stay is possible.  Accordingly, based on the Court's preliminary determination that the petition is entirely unexhausted, the Court will deny the motion for stay with leave to renew the motion at a later time if Petitioner can establish that at least one of the claims in the instant petition is fully exhausted.

///

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 1244(d).

4

1

### <u>ORDER TO SHOW CAUSE</u>

2    Accordingly, Petitioner is HEREBY ORDERED TO SHOW CAUSE within thirty days of the

3 date of service of this order why the petition should not be dismissed as containing only unexhausted

4 claims.

5

### <u>ORDER</u>

6    Based on the foregoing, it is HEREBY ORDERED that:

7    1.  Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 2), is

8 **DENIED** with leave to renew the motion upon a showing that the petition contains at least one

9 exhausted claim.

10

11 IT IS SO ORDERED.

12  Dated:   **October 7, 2013**     **/s/ Jennifer L. Thurston**

13             UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28