UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO MIL, JR., <br><br> Petitioner, <br><br> v. <br><br> WARDEN P. D. BRAZELTON, <br><br> Respondent. | Case No.: 1:13-cv-01497-JLT <br><br> ORDER GRANTING PETITIONER'S MOTION TO DISMISS PETITION WITHOUT PREJUDICE (Doc. 13) <br><br> ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS (Doc. 1) <br><br> ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 2, 2013, Petitioner filed his written consent to the jurisdiction of the Magistrate Judge for all purposes. (Doc. 7).

**PROCEDURAL HISTORY**

The instant petition was filed on September 16, 2013. (Doc. 1). The petition raises the following claims: (1) actual innocence of first degree murder based on the confession and excited utterances of a co-defendant; and (2) use of "deceptive and reprehensible methods" to obtain conviction of Petitioner in violation of his due process rights. (Doc. 1). Along with the petition, Petitioner filed a motion for stay of proceedings, alleging that his claims are presently being exhaust in the California Court of Appeal, Fifth Appellate District, by way of a petition for writ of habeas corpus

filed on August 10, 2013.  (Doc. 2, p. 1).

On October 8, 2013, the Court issued an order denying Petitioner's motion to stay proceedings because a stay was unauthorized where, as here, none of the claims in the petition were exhausted. (Doc. 8).  The Court also issued an Order to Show Cause why the petition should not be dismissed an entirely unexhausted.  (Id.).  The Order to Show Cause gave Petitioner thirty days within which to respond.

After obtaining several extensions of time, Petitioner, on February 6, 2014, filed the instant motion to stay proceedings to exhaust his unexhausted claims or, alternatively, to dismiss the petition without prejudice.

## DISCUSSION

As discussed in the previous orders of this Court, a federal district court cannot entertain an entirely unexhausted habeas petition.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982); Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997).  The Court is unaware of, and Petitioner does not cite, any federal authority permitting a habeas court to stay proceedings in an entirely unexhausted petition.  As discussed in previous orders, Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004) permits the Court to allow withdrawal of unexhausted claims from a "mixed" petition and to stay proceedings while the unexhausted claims are being exhausted.  Alternatively, Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) permits the Court to stay a "mixed" petition while the unexhausted claims are being exhausted.  Each approach has its own distinct requirements. However, no authority permits the Court to stay an entirely unexhausted petition while those unexhausted claims are being exhausted.

Accordingly, the Court cannot grant a stay in this case.  The only permissible alternative is dismissal of the case without prejudice.  Since Petitioner has requested dismissal without prejudice as an alternative to a stay, the Court will grant that motion.

*However, Petitioner should be aware that, even though the dismissal is without prejudice, i.e., not on the merits, the AEDPA's one-year limitation period has continued to run during the pendency of the instant petition.  State inmates are not entitled to statutory tolling under § 2244(d)(2) during the pendency of their federal petitions*.  Duncan v. Walker, 533 U.S. 167, 121 S.Ct.

2120, 2129 (2001). Accordingly, the Court expresses no view concerning whether any subsequently filed petition would be timely under the AEDPA even if it contains only exhausted claims.[1]

## ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Petitioner's motion to dismiss the petition without prejudice (Doc. 13), is GRANTED.
2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED without prejudice;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file.

IT IS SO ORDERED.

Dated: **February 19, 2014**          **/s/ Jennifer L. Thurston**
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] A petitioner wishing to maximize his chance for success, should file his petition within the one-year period while making sure that his petition contains at least one exhausted claim. That exhausted claim would give the Court jurisdiction to proceed. Then, the petitioner could request a stay of proceedings while exhausting any additional claims. However, as mentioned, the Court cannot entertain an entirely unexhausted petition for any purposes.